UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT D. WARREN,

　　　　　Plaintiff,

　v.

REGUS MANAGMENT GROUP, LLC,

　　　　　Defendant.

C24-1320 TSZ

ORDER

THIS MATTER comes before the Court on a motion to dismiss, docket no. 22, brought by defendant Regus Management Group, LLC, doing business as "Bellingham Regus" ("Regus"). Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

## Background

For approximately four years, plaintiff Scott D. Warren worked part-time as a receptionist for Regus, earning $1,470 per month. First Amended Complaint ("FAC") at ¶¶ 3.3, 3.5, & 3.19 (docket no. 14).[1] Plaintiff is a 62-year-old man with a disability. *Id.* at

---

[1] Throughout his tenure with Regus, plaintiff received good performance reviews. FAC at ¶ 3.10 (docket no. 14).

ORDER - 1

¶ 3.2. He has cerebral palsy, a condition that causes difficulty walking, lifting heavy objects, and performing other activities of daily living. *Id.* In addition to his wages from Regus, plaintiff was receiving monthly Social Security Disability Insurance ("SSDI") benefits. *Id.* at ¶ 3.4. Plaintiff alleges he communicated clearly to Regus that he "needed to stay under a monthly hourly allowance due to his disability and his disability benefits[,]" and that Regus had allowed plaintiff to adjust his schedule "to fit" within the hours allowed by SSDI regulations. *Id.* at ¶¶ 3.6–3.7.

In May 2023, defendant informed plaintiff that it wanted to terminate him, but could not, and instead asked for his resignation. *Id.* at ¶¶ 3.8–3.9. Plaintiff refused. *Id.* at ¶ 3.11. Defendant informed plaintiff that he must work a number of hours that would result in earnings exceeding $1,470 per month, which would cause him to lose his SSDI benefits. *Id.* at ¶¶ 3.12–3.15. Plaintiff, in an effort to keep his job and not go over the SSDI limit for supplemental income, requested a number of accommodations, including maintaining his part-time schedule or taking a reduction in wages. *Id.* at ¶ 3.13. Plaintiff was nonetheless scheduled to work a higher number of hours. *Id.* at ¶ 3.15. Defendant, "[o]n information and belief," hired a "replacement worker" that "did not have any disabilities or require any accommodations[.]" *Id.* at ¶ 3.18. After refusing to work hours that would place him over the SSDI limit on other income, plaintiff was terminated on June 30, 2023. *Id.* at ¶ 3.19.

On July 19, 2024, plaintiff filed this action against defendant in Whatcom County Superior Court, alleging disability discrimination claims under the Washington Law Against Discrimination ("WLAD"), RCW 49.60.180. *See* Compl. (docket no. 1-1). On

ORDER - 2

August 22, 2024, defendant removed the case pursuant to 28 U.S.C. § 1332. Notice of Removal at 2–3 (docket no. 1). On September 23, 2024, plaintiff filed the FAC, asserting discrimination claims under federal and state law (the first and second causes of action) and retaliation claims under federal and state law (the third and fourth causes of action). *See* FAC at ¶¶ 4.1–7.5 (docket no. 14). The federal statutes pursuant to which plaintiff pursues his claims are Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112; plaintiff's state laws claims are pleaded solely under the WLAD. Citing Federal Rule of Civil Procedure 12(b)(6), defendant now moves to dismiss all claims for failure to state a claim.

**Discussion**

**A.    Motion to Dismiss Standard**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must contain "more than labels and conclusions" and more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must indicate more than mere speculation of a right to relief. *Id.* When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. A complaint may be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on a motion to dismiss, the Court must assume the truth of the

ORDER - 3

1  plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor. *Usher v.*
2  *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is
3  whether the facts in the complaint sufficiently state a "plausible" ground for relief.
4  *Twombly, 550 U.S.* at 570.

5  **B.     <u>Disability Discrimination as Alleged Under the First Cause of Action</u>**

6    Plaintiff's first cause of action, brought under federal law, claims three bases for
7  relief, namely disability discrimination, failure to accommodate, and hostile work
8  environment claims, under both Title VII and the ADA.

9    **1.     <u>All Discrimination Claims Under Title VII</u>**

10    Plaintiff asserts defendant discriminated against him based on his disability in
11  violation of Title VII. *See* FAC at ¶¶ 4.1–4.8 (docket no. 14). Defendant moves to
12  dismiss plaintiff's Title VII claims, asserting that Title VII does not protect against
13  discrimination based on disability. Def.'s Mot. at 2, n.1 (docket no. 22). Plaintiff does not
14  address this argument in his response. *See generally* Pl.'s Resp. (docket no. 23). The
15  Court agrees with defendant that Title VII's prohibitions against discrimination extend
16  only to race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-16(a); *see also*
17  *Richardson v. Yellen*, 167 F. Supp. 3d 105, 110 (D.D.C. 2016) (declining to analyze a
18  failure to accommodate a disability claim under Title VII because the Civil Rights Act
19  does not "require[] accommodations for disabled persons."). Accordingly, plaintiff's Title
20  VII disability discrimination claims are DISMISSED with prejudice. *See, e.g., Ty v.*
21  *Mayorkas*, 2024 WL 4452898, at *2 (C.D. Cal. Sept. 9, 2024) (dismissing with prejudice
22  discrimination claims brought under Title VII).

23

ORDER - 4

### 2. Disability Discrimination Under the ADA

Defendant moves to dismiss plaintiff's claim, brought under the ADA, that he was terminated because of his disability, arguing that plaintiff has not alleged he was treated less favorably than a similarly situated, non-disabled employee performing comparable work. Defendant's motion lacks merit. To make a claim for disability discrimination under the ADA, plaintiff must show that he (1) is disabled; (2) is qualified for the job; and (3) was terminated because of his disability. *Erickson v. Biogen, Inc.*, 417 F. Supp. 3d 1369, 1378 (W.D. Wash. 2019). At the motion to dismiss stage, Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing the pleader is entitled to relief" in the employment discrimination context. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002). Here, plaintiff alleges that defendant hired his replacement prior to terminating his employment, informed him that it wanted to terminate him but instead requested his resignation, and subjected him to negative treatment following his request for an accommodation. FAC at ¶¶ 3.9–3.11, 3.17–3.18 (docket no. 14). Plaintiff contends that these events, taken together, plausibly raise an inference of discriminatory intent. The Court agrees. Although plaintiff does not specifically allege that he was treated less favorably than a similarly situated, non-disabled employee, such comparative showing is not required at the motion to dismiss stage. *See Schmitt v. Kaiser Found. Health Plan of Washington*, 965 F.3d 945, 959 n.8 (9th Cir. 2020) ("At the pleadings stage, we do not require a plaintiff to allege enough detail to state a prima facie case of discrimination[]–only 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation

ORDER - 5

omitted)). Defendant's motion is DENIED as to plaintiff's ADA disability discrimination claim.

### 3. Failure to Accommodate Under the ADA

To survive a motion to dismiss an ADA failure to accommodate claim, a plaintiff must plausibly allege that he or she was a qualified individual[2] with a disability, the defendant was on notice of his or her disability, and his or her request for a reasonable accommodation would not have placed an undue hardship[3] on the employer's business. *Snapp v. United Transp. Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) (citing 42 U.S.C. § 12112(b)(5)(A)). "Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001). Although the interactive process is "at the heart of the accommodation process[,]" a failure to engage in the interactive process, standing alone, does not constitute a claim under the ADA. *Snapp*, 889 F.3d at 1095. Rather, a failure-to-accommodate claim must be premised on discrimination that "results from denying an available and reasonable accommodation." *Id.*

---

[2] The term "qualified individual" means an individual who, with or without a reasonable accommodation, can perform the essential functions of the employment position. 42 U.S.C. § 12111(8).

[3] "The [ADA] statute itself places on the employer the burden to demonstrate an undue hardship." *Snapp*, 889 F.3d at 1095.

ORDER - 6

Plaintiff alleges that he requested an accommodation in the form of reduced work hours or modified pay to avoid exceeding the income threshold for SSDI financial benefits. FAC at ¶¶ 3.6, 3.13 (docket no. 14). He also argues that defendant failed to engage in the interactive process[4] required by the ADA. *Id*. at ¶¶ 3.14, 4.6. Defendant moves to dismiss this claim, asserting that the basis for plaintiff's accommodation request, to maintain SSDI financial benefits, is not cognizable under the ADA. Def.'s Mot. at 6 (Docket no. 22). For support, defendant cites *Hunter v. Home Depot U.S.A., Inc.*, 270 F. App'x. 654 (9th Cir. 2008), and *McEwan v. UPMC Shadyside Presbyterian Hospital*, 2010 WL 4879195 (W.D. Pa. Nov. 23, 2010). Plaintiff's attempts to distinguish both *Hunter* and *McEwan* are not persuasive.

In *Hunter*, the Ninth Circuit concluded that, because the employee had not demonstrated that her requests "to be scheduled to work more hours per week were because of physical disabilities[,]" as opposed to for financial reasons, her failure to accommodate claim must fail. 270 F. App'x at 655. Similarly, in *McEwan*, the district court ruled that an employee's request for additional work hours for financial reasons did not give rise to a duty to accommodate, reasoning that the request was "for personal reasons, rather than as a reasonable accommodation 'because of' [the employee's] disability." 2010 WL 4879195, at *5.

---

[4] Because plaintiff's accommodation request was based on financial reasons, "which does not constitute a request for a reasonable accommodation based on a disability," defendant's alleged failure to engage in the interactive process to determine if an appropriate accommodation existed does not support liability for a failure to accommodate. *Hunter*, 270 F. App'x. at 655.

ORDER - 7

Although plaintiff correctly notes that the employees in *Hunter* and *McEwan* sought to work *more* hours for financial reasons, whereas plaintiff seeks to work *fewer* hours to protect his SSDI benefits and to not "los[e] his main source of income[,]" the underlying legal principle in both cases applies equally here. The ADA does not require an employer to accommodate an employee's financial circumstances or desire to maintain eligibility for public benefits when the accommodation is not requested to also address a physical or mental limitation arising from the employee's disability. *See Hunter*, 270 F. App'x. at 655. Plaintiff alleges only that he requested a modified schedule or a reduction in wages to keep him below the SSDI benefit limit, not that his disability prevented him from performing his scheduled hours or otherwise limited his ability to work. *See* FAC at ¶¶ 3.15, 3.19 (docket no. 14). Plaintiff has failed to allege a cognizable accommodation claim under the ADA,[5] and the claim is DISMISSED without prejudice.

### 4. <u>Hostile Work Environment Under the ADA</u>

Plaintiff alleges that because defendant tampered with his work computer, denied him training opportunities, engaged in "odd and distant" treatment, and failed to engage

---

[5] In response to the motion, plaintiff argues that his request to limit his work hours to remain eligible for SSDI benefits qualifies as a cognizable request for a reasonable accommodation under the ADA. *See* Pl.'s Resp. at 8 (docket no. 23). He contends that his disability is the reason for the earnings limitations imposed by the SSDI, and therefore, his employer was required to accommodate his request to limit his hours to maintain those benefits. *Id.* Plaintiff also cites the stated purpose of promoting "economic self-sufficiency" for individuals with disabilities, 42 U.S.C. § 12101(a)(7), to support his position. *See id.* This argument is unpersuasive and not supported by law. The ADA requires employers to provide reasonable accommodations for limitations arising from an individual's disability that affects the performance of essential job functions. *See* 42 U.S.C. § 12112 (b)(5)(A). The ADA does not, however, require employers to accommodate an employee's desire to preserve eligibility for SSDI benefits. *See Hunter v. Home Depot, U.S.A., Inc.*, 2006 WL 2728938, at *2 (D. Or. Sept. 22, 2006), *aff'd*, 270 F. App'x. 654 (9th Cir. 2008) (holding that "balancing [] earned income to maximize the receipt of benefits from the Social Security Administration" is an issue that the ADA does not require employers to accommodate).

meaningfully with him during discussions about his accommodation request, it created a hostile work environment under the ADA. FAC at ¶¶ 3.17 & 4.4 (docket no. 14). Defendant moves to dismiss this claim, arguing that (i) plaintiff has not alleged facts showing that any conduct was sufficiently severe or pervasive to alter the conditions of his employment, and (ii) plaintiff has not stated facts showing that any of the alleged conduct occurred because of his disability, as required to state a plausible hostile work environment claim. Def.'s Mot. at 8 (docket no. 22).

The Court agrees with defendant. To state an ADA hostile work environment claim[6] on the basis of disability, a plaintiff must show that "(1) he has a disability; (2) that he was subjected to unwelcome harassment, (3) that the harassment was based on his disability; (4) that the harassment was sufficiently severe or pervasive to alter the conditions of employment and to create an abusive working environment; and (5) that the employer knew or should have known about the harassment and failed to take prompt action to stop it." *Northrop v. Safeway, Inc.*, 2017 WL 1543331, at *2 (W.D. Wash. Apr. 28, 2017). At this stage, plaintiff need not support his allegations with evidence, but he must allege in his FAC sufficient facts to state the elements of a hostile work

---

[6] The Ninth Circuit has not decided whether a plaintiff may state a claim under the ADA based on an alleged hostile work environment created by disability harassment. *Mattison v. Loma Linda Univ. Med. Ctr.*, 2023 WL 4157466, at *28 (C.D. Cal. Apr. 6, 2023); *see also Meirhofer v. Smith's Food & Drug Centers Inc.*, 415 Fed. Appx. 806, 807 (9th Cir. 2011) (in which the Ninth Circuit assumed, "arguendo, that hostile work environment claims are cognizable under the ADA"). However, "every circuit to have done so has concluded that disability-based claims for hostile work environment are actionable under the ADA." *Mcintyre v. Eugene Sch. Dist. 4J*, 976 F.3d 902, 916 (9th Cir. 2020); *see also Ford v. Marion Cty. Sheriff's Office*, 942 F.3d 839, 852 (7th Cir. 2019) (joining the five other circuits in reaching the same conclusion).

ORDER - 9

environment claim—"a formulaic recitation of a cause of action's elements will not do." *See Twombly*, 550 U.S. at 555.

In this case, plaintiff fails to allege that he was subjected to a hostile work environment because of his disability under the ADA. The treatment alleged by plaintiff is not so severe or pervasive as to rise to a level of a "discriminatorily hostile or abusive environment." *Bradley v. Swedish Health Servs.*, 2023 WL 8879121, at *7 (W.D. Wash. Dec. 22, 2023) (internal quotation marks omitted); *Brediger v. Gen. Nutrition Corp.*, 2015 WL 5797095, at *5 (W.D. Wash. Oct. 2, 2015) (concluding that the hostile work environment claims should be dismissed because the alleged treatment, including being treated in a "rude, demeaning, [and] hostile manner[,]" was not sufficiently severe or pervasive to create an abusive working environment). Accordingly, the plaintiff's ADA hostile work environment claim is DISMISSED[7] without prejudice.

C. **Disability Discrimination as Alleged Under the Second Cause of Action**

Plaintiff's second cause of action states three bases for relief, namely disability discrimination, failure to accommodate, and hostile work environment, under the WLAD.

    1. **Disability Discrimination Under the WLAD**

Plaintiff claims that defendant terminated his employment because of his disability. FAC at ¶¶ 3.19-3.2, & 5.3 (docket no. 14). He contends that such discrimination violates the WLAD. *See Id.* at ¶¶ 5.7 and 5.8. To establish a prima facie

---

[7] The Court notes that a hostile work environment claim is not included in the Equal Employment Opportunity Commission ("EEOC") charge attached to the motion. *See* Exhibit B, Def's Mot. (docket no. 22). As a result, amendment of the claim might be futile.

1 case of disability discrimination under the WLAD, plaintiff must satisfy the same
2 elements required under the ADA. *See Erickson v. Biogen, Inc.*, 417 F. Supp. 3d 1369,
3 1378 (W.D. Wash. 2019) (citing *Hines v. Todd Pac. Shipyards Corp.*, 127 Wn. App. 356,
4 112 P.3d 522 (2005)). Here, plaintiff's WLAD disability discrimination claim is based on
5 similar factual allegations as his ADA discrimination claim. *See* FAC at ¶¶ 5.1, 5.5
6 (docket no. 14). Because the legal standard under the WLAD mirrors that of the ADA
7 and the allegations are substantively similar, the Court reaches the same conclusion.
8 Accordingly, defendant's motion is DENIED as to plaintiff's WLAD disability
9 discrimination claim.

        2.       **<u>Failure to Accommodate Under the WLAD</u>**

Plaintiff also asserts a failure to accommodate claim under the WLAD. Plaintiff alleges that he has a disability and requested an accommodation in the form of reduced hours or modified pay, which defendant denied. Defendant moves to dismiss this claim, arguing that plaintiff has not alleged that his disability substantially limited his ability to perform his job and that the requested accommodation was not "medically necessary." Def.'s Mot. at 4–7 (docket no. 22).

Under the WLAD, an accommodation claim involves two inquiries: "(i) whether the employee was disabled within the meaning of the WLAD; and (ii) whether the employer met its affirmative obligation to reasonably accommodate the disability." *Horman v. Sunbelt Rentals Inc.*, 2020 WL 4366185, at *4 (W.D. Wash. July 30, 2020) (citing *Delaplaine v. United Airlines, Inc.*, 518 F. Supp. 2d 1275, 1277 (W.D. Wash. 2007)). The current standard for a right to an accommodation under the WLAD, as

ORDER - 11

clarified after the 2007 amendment to the statute, requires the Court to consider whether a plaintiff's impairment had a "substantially limiting effect" on their ability to perform the job, or whether "doing the job without an accommodation was likely to aggravate the impairment such that it became substantially limiting." *Johnson v. Chevron U.S.A., Inc.*, 159 Wn. App. 18, 29-30, 244 P.3d 438 (2010) (holding that "medical necessity is no longer the sole basis for a right to an accommodation" and that "the question is not whether the accommodation was 'medically necessary'" under the amended statute).

Plaintiff's WLAD failure to accommodate claim is not sufficiently pleaded. Plaintiff does not allege that his disability "substantially limited" his ability to perform his job or that reduced hours were reasonably necessary to address any such limitation. Instead, plaintiff alleges that remaining below the SSDI income threshold was necessary to retain financial benefits. *See generally* FAC (docket no. 14). Remaining below the SSDI income threshold is a financial consideration, not a workplace limitation caused by the functional effects of a disability. Moreover, plaintiff does not allege that working without a reduced-hour accommodation would likely aggravate his impairment to the point that it would become substantially limiting. Rather, his allegations focus on the financial consequences of working additional hours. Because plaintiff does not sufficiently allege facts to support his WLAD failure to accommodate claim, the claim is DISMISSED without prejudice.

3. **Hostile Work Environment Under the WLAD**

Plaintiff alleges that defendant created a hostile work environment under state law. FAC at ¶¶ 3.17 & 5.4 (docket no. 14). To state a WLAD hostile work environment claim

on the basis of disability, a plaintiff must show that (1) he or she has a disability; (2) that he or she was subjected to unwelcome harassment, (3) that the harassment was based on his or her disability; (4) that the harassment impacted the terms and conditions of his or her employment; and (5) that the harassment was imputable to the employer. *Horman v. Sunbelt Rentals Inc.*, 2020 WL 4366185, at *5 (W.D. Wash. July 30, 2020) (citing *Robel v. Roundup Corp.*, 148 Wn.2d 35, 45, 59 P.3d 611 (2002)). In this case, plaintiff fails to allege that he was subjected to a hostile work environment because of his disability. Allegations of odd or distant treatment, computer tampering, and a denial of training opportunities are not "sufficiently severe or pervasive" to show that, because of his disability, his workplace became "so 'permeated with discriminatory intimidation, ridicule, and insult'" that the conditions of his employment were altered. *See Horman*, 2020 WL 4366185, at *5 (granting summary judgment as to the plaintiff's WLAD hostile work environment claim because no facts were alleged showing that, because of the plaintiff's disability, the plaintiff experienced humiliation or ridicule that created an abusive working environment). Accordingly, the plaintiff's WLAD hostile work environment claim is DISMISSED without prejudice.

D. **Retaliation as Alleged Under the Third Cause of Action**

Plaintiff's third cause of action alleges retaliation under federal law. The Court addresses retaliation under Title VII and the ADA separately.

1. **Retaliation Claims Under Title VII**

Plaintiff claims retaliation under Title VII, alleging that following his request for an accommodation related to his disability, defendant subjected him to hostile treatment,

altered his working conditions, and ultimately terminated his employment. FAC at ¶¶ 6.1–6.6 (docket no. 14). Retaliation claims under Title VII must be based on opposition to practices made unlawful by Title VII. *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) ("Title VII prohibits employment discrimination based on any of its enumerated grounds: race, color, religion, sex, or national origin.") (internal citations and quotation marks omitted); *VanGieson v. Austin*, 2022 WL 16571125, at *7 (S.D. Cal. Sept. 27, 2022) ("Disability is not a class protected by Title VII, and [Plaintiff] does not allege that she engaged in any protected activity under Title VII for purposes of a retaliation claim.") (alteration in original, internal quotation marks omitted), *aff'd*, 2024 WL 771703 (9th Cir. Feb. 26, 2024).

Plaintiff alleges that he was retaliated against for requesting a disability-related accommodation, which does not qualify as protected activity under Title VII. Because plaintiff's Title VII retaliation claim relies entirely on his requests for disability accommodations, which are outside the scope of Title VII protections, the claim is not cognizable. Plaintiff's Title VII retaliation claim is DISMISSED with prejudice.

    **2.** **Retaliation Claims Under the ADA**

        **a.** **The EEOC Charge**

Before bringing an ADA claim in federal court, a plaintiff must exhaust administrative remedies by filing a charge, which includes the alleged conduct, with the EEOC, "within 300 days of the claimed event of discrimination and obtain a right-to-sue letter before bringing civil claims." *Moriarty v. Port of Seattle*, 2024 WL 4290279, at *8 (W.D. Wash. Sept. 25, 2024) (citing *Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir.

ORDER - 14

2006)); 42 U.S.C. §§ 2000e-5(e)(1). When ruling on a motion to dismiss, if a court considers evidence outside the pleadings, such as an EEOC charge, generally it must convert the motion into a summary judgment motion and give the nonmoving party an opportunity to respond. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). A court may, however, consider evidence that is not attached to the complaint at the motion to dismiss stage if a complaint necessarily relies on it and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). This exception applies here. Plaintiff alleges in his FAC that he timely filed a charge of discrimination with the EEOC and received a right-to-sue letter. FAC at ¶¶ 2.5, 7.3 (docket no. 14). Because exhaustion of administrative remedies is a prerequisite to pursuing ADA claims in federal court, and no party disputes the document's authenticity, the EEOC charge, Exhibit B to defendant's motion (docket no. 22), is central to plaintiff's claims and properly considered on a motion to dismiss.[8] *See Josephs*, 443 F.3d at 1061 ("An individual plaintiff must first file a timely EEOC complaint against the allegedly discriminatory party before bringing an ADA suit in federal court.").

Plaintiff asserts that the charge attached to the motion is incomplete and attaches his EEOC filings as well as his right-to-sue letter. *See* Declaration, Exhibit 3 (docket no.

---

[8] Although defendant does not specifically request incorporation or judicial notice of the EEOC charge attached to the motion, the Court may incorporate the attachment by reference because plaintiff necessarily relies on it to establish exhaustion and its authenticity is not disputed.

ORDER - 15

1    24). Defendant's attachment itself confirms it is incomplete, as the only page of the

2    EEOC attached to the motion contains the label, "Page 1 of 2." Def.'s Mot. at Ex. B

3    (docket no. 22). Because plaintiff necessarily relies on the EEOC filing and the right-to-

4    sue letter to satisfy the exhaustion requirement, and neither party disputes the authenticity

5    of these materials, the Court incorporates by reference the additional EEOC filings and

6    the right-to-sue letter (considering the totality of the EEOC-related documents as "the

7    Charge").

### b. Exhaustion of Administrative Remedies

9    Defendant moves to dismiss plaintiff's ADA retaliation claims for failure to

10    exhaust administrative remedies, arguing that the charge plaintiff filed with the EEOC

11    alleges only discrimination based on disability and does not include any allegations of

12    retaliation. Def.'s Mot. at 9 (docket no. 22). Upon reviewing the Charge, the Court agrees

13    with defendant. The Charge references only disability discrimination and does not

14    mention retaliation as the basis for his termination. The factual allegations in an EEOC

15    charge must provide sufficient notice of the claims pursued in the subsequent litigation.

16    *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003); *see also Dugay v. Complete Skycap*

17    *Servs., Inc.*, 2011 WL 3159171, at *5 (D. Ariz. July 26, 2011) (finding no exhaustion of a

18    retaliation claim where the EEOC charge focused solely on disability discrimination and

19    failed to mention any facts supporting retaliation). Like the EEOC charge referenced in

20    *Dugay*, plaintiff's Charge focuses exclusively on discrimination and does not allege facts

21    indicating that his termination or any alleged hostile treatment was the result of

ORDER - 16

1 | retaliatory actions. Because plaintiff failed to exhaust administrative remedies as to his
2 | ADA retaliation claim, the claim is DISMISSED with prejudice.

3 | **E.     Retaliation as Alleged Under the Fourth Cause of Action**

4 | Defendant moves to dismiss plaintiff's retaliation claim brought under the WLAD. To state a WLAD retaliation claim, plaintiffs must allege that (1) they engaged in statutorily protected activity, (2) they suffered an adverse employment action, and (3) a causal link exists between their protected activity and the adverse employment action. *Cornwell v. Microsoft Corp.*, 192 Wn.2d 403, 411–12, 430 P.3d 229 (2018). "Proximity in time between the protected activity and the discharge, as well as satisfactory work performance and evaluations before the discharge, are both factors suggesting retaliation." *Currier v. Northland Servs., Inc.*, 182 Wn. App. 733, 747, 332 P.3d 1006 (2014) (collecting cases).

Defendant argues that plaintiff has not alleged facts sufficient to show that a causal link exists between plaintiff's request for a reasonable accommodation and his termination. The Court disagrees. Plaintiff alleges temporal proximity between his accommodation requests and his termination. He also claims to have received good performance reviews throughout his tenure with Regus. Taken together, these allegations are sufficient to raise a plausible inference that plaintiff's request for an accommodation was linked to his termination. *See Currier*, 182 Wn. App. at 746-47. Defendant's motion to dismiss plaintiff's WLAD retaliation claim is DENIED.

**F.     Leave to Amend Under *Lopez***

As a general rule, dismissal under Rule 12(b)(6) is without prejudice, and a plaintiff should be granted leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citation omitted).

Plaintiff's ADA retaliation claim is dismissed with prejudice because amendment would be futile. Additionally, all Title VII claims are dismissed with prejudice because disability discrimination and retaliation claims do not implicate a protected category under Title VII. Plaintiff's ADA failure to accommodate and hostile work environment claims are dismissed without prejudice and with leave to amend, and plaintiff's ADA disability discrimination claim will remain.

Plaintiff's WLAD failure to accommodate and hostile work environment claims are dismissed without prejudice, as additional factual allegations could potentially cure the identified deficiencies. Plaintiff's WLAD disability discrimination and retaliation claims will remain, as defendant has not shown bases for dismissal at this stage.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Defendant's motion to dismiss (docket no. 22) is GRANTED in part, and DENIED in part, as follows:

  (a)     Plaintiff's first cause of action is DISMISSED with prejudice as to all claims under Title VII. Plaintiff's first cause of action is DISMISSED without prejudice and with leave to amend as to the failure to accommodate and hostile

ORDER - 18

work environment claims under the ADA. The motion to dismiss the first cause of action is DENIED as to plaintiff's claim for disability discrimination under the ADA.

    (b)     Plaintiff's second cause of action is DISMISSED without prejudice as to the WLAD failure to accommodate and hostile work environment claims. The motion to dismiss the second cause of action is DENIED as to plaintiff's claim for disability discrimination under the WLAD.

    (c)     Plaintiff's third cause of action for retaliation under the ADA and Title VII is DISMISSED with prejudice.

    (d)     The motion to dismiss plaintiff's fourth cause of action for retaliation under the WLAD is DENIED.

(2)     Plaintiff shall electronically file any amended complaint by April 11, 2025.

(3)     The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 20th day of March, 2025.

                                     Thomas S. Zilly
                                     United States District Judge